UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN WAYNE COLLIER, | |
| Petitioner, | 3:99-cv-0641-ECR-RAM |
| vs. | **ORDER** |
| BOB BAYER, *et al.*, | |
| Respondents. | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Steven Wayne Collier, a Nevada prisoner represented by counsel. This action comes to the Court with respect to its merits.

I.   **Procedural History**

   A.   **State Court Proceedings**

On May 17, 1995, petitioner pled guilty to one count of possession of trafficking a quantity of a controlled substance. (Exhibit 48, 49).[1] In the plea agreement, the parties stipulated to a 45-year term of imprisonment. (Ex. 50). Petitioner was sentenced to a 45-year term of imprisonment. (Ex. 50).

---

[1] The exhibits referenced in this Order were provided by counsel for petitioner in support of the Amended Petition, and are found in the Court's record at Docket #15 and #16.

On March 21, 1997, petitioner filed a motion to correct illegal sentence. (Ex. 68). The state district court denied the motion. (Ex. 70). Petitioner appealed the denial to the Nevada Supreme Court. (Ex. 71). On May 13, 1999, the Nevada Supreme Court issued an order dismissing the appeal. (Ex. 78).

On November 16, 1998, petitioner filed a notice of appeal of his conviction. (Ex. 74). The Nevada Supreme Court dismissed the appeal, finding the notice of appeal untimely. (Ex. 75).

On May 28, 1999, petitioner filed a state post-conviction petition for a writ of habeas corpus. (Ex. 80). The state district court denied the petition finding it procedurally barred and that petitioner was unable to show cause and prejudice to overcome the bar. (Ex. 87). Petitioner appealed the denial of the his state habeas petition to the Nevada Supreme Court. (Ex. 89). Prior to the Nevada Supreme Court deciding the appeal, petitioner filed his federal petition for a writ of habeas corpus in the instant action on November 29, 1999. (Docket #1). On January 11, 2001, the Nevada Supreme Court affirmed the denial of petitioner's state habeas petition. (Ex. 97).

**B.     Federal Court Proceedings**

By order filed January 6, 2000, this Court appointed the Federal Public Defender to represent petitioner in this action. (Docket #8). On June 30, 2000, petitioner, through counsel, filed an amended federal habeas corpus petition. (Docket #14). On September 5, 2000, respondents filed a motion to dismiss for untimeliness and lack of exhaustion. (Docket #21). By order filed August 28, 2001, the Court found that Ground One of the petition was exhausted, but that Ground Two was unexhausted. (Docket #28). Petitioner was given the option of returning to state court to exhaust Ground Two, or of abandoning unexhausted Ground Two and proceeding on exhausted Ground One. (*Id.*). Petitioner chose to abandon Ground Two and proceed with Ground One. (Docket #29).

On July 18, 2002, respondents filed an answer to Ground One of the amended petition, which asserted that the petition was procedurally defaulted. (Docket #35). Petitioner sought and received permission to file a traverse. (Docket #36, #37). Petitioner then filed a notice of

intent not to file a traverse. (Docket #38). Petitioner instead filed a legal brief on procedural default and "request to refashion" the 2254 petition as a request for issue a writ of *audita querela*. (Docket #40). On March 28, 2003, this Court entered an order denying petitioner's motion to refashion the 2254 petition. (Docket #42). In the same order, the Court denied habeas relief, finding that Ground One was procedurally barred from review. (Docket #42).

Petitioner appealed the dismissal of his habeas petition. (Docket #44). The Ninth Circuit determined that the claim was not procedurally barred. (Docket #58, #59). Specifically, in a published decision, the Ninth Circuit found that the Nevada procedural rule applied against petitioner to be inadequately established in 1997, and therefore, federal review was not foreclosed. *Collier v. Bayer*, 408 F.3d 1279 (9th Cir. 2005). The Ninth Circuit reversed and remanded the case for consideration on the merits. *Id.* at 1288.

On July 27, 2006, this Court granted respondents an opportunity to supplement their answer, and granted petitioner an opportunity to file a reply. (Docket #64).

On September 12, 2006, respondents filed a Supplemental Points and Authorities Regarding Ground One. (Docket #67). On November 17, 2006, petitioner filed a Reply to Respondents' Supplemental Answer. (Docket #70). On January 28, 2008, petitioner filed a Motion for Decision. (Docket #71).

**II.   Discussion**

Ground One of the amended petition sets forth the following claim: "Collier was denied his Sixth and Fourteenth Amendment rights to the effective assistance of counsel when counsel failed to consult with him regarding the right to an appeal and failed to file a notice of appeal on his behalf." (Docket #14, at p. 14). As discussed in more detail, *infra*, petitioner alleges that there were seven appellate issues that he would have raised on direct appeal, had a direct appeal been taken. (Docket #14, at pp. 17-21). In the amended petition, petitioner asserts that he suffered

3

prejudice due to counsel's failure to file a notice of appeal, based on standard set forth in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

At the outset, respondents argue in their supplemental points and authorities that *Roe v. Flores-Ortega* created a new rule of law, and that under the analysis of *Teague v. Lane*, 489 U.S. 288 (1989), this Court should not allow retroactive application of *Roe v. Flores-Ortega* to the instant case. Respondents, however, have waived the right to assert the non-retroactivity of *Roe v. Flores-Ortega* because, in addressing the merits of this case in their answer, respondents conceded that *Roe v. Flores-Ortega* was the applicable standard in this case and cited it as the rule of law. (Answer, filed July 18, 2002, at Docket #35, at p. 6). Respondents have waived the *Teague* argument as to the non-retroactivity of *Flores-Ortega*, because they failed to raise it in their answer. *Morrison v. Mahoney*, 399 F.3d 1042, 1045-1047 (9th Cir. 2005) (any procedural defense to a section 2254 petition must be asserted in the answer to avoid waiver of that defense). Moreover, this Court itself has recognized the applicability of *Roe v. Flores-Ortega* to the this case. (Order, filed March 28, 2003, Docket #42, at p. 6). In addition, the United States Supreme Court itself commented in the *Flores-Ortega* decision that the rule announced for assessing prejudice from counsel's failure to file notice of appeal "breaks no new ground" because Court's earlier decisions implicitly established the rule. *Flores-Ortega*, 528 U.S. at 485.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there were non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. at 480. "In making this determination, courts must take into account all the information counsel knew or should have known . . . focusing on the totality of circumstances." *Id.* (citation omitted). "Only by considering all relevant factors in a given case can a court properly determine whether a

rational defendant would have desired an appeal or that a particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id.*

If the court determines that counsel's performance in failing to consult with the defendant about the appeal "fell below an objective standard of reasonableness," the court must then apply the second prong of the *Strickland* test, which requires a defendant to show prejudice from counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. at 480-82 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To show prejudice, a defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. at 484. "[E]vidence that there were non-frivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485.

In the instant case, petitioner does not assert that he demonstrated to counsel that he was interested in filing a direct appeal. Rather, petitioner asserts that counsel had a duty to consult with him about a direct appeal because counsel had reason to think that a rational defendant in petitioner's position would want to file a direct appeal, because non-frivolous appellate ground existed. The grounds for direct appeal that petitioner claims he would have asserted are discussed below.

First, petitioner alleges that his right to conflict-free representation, due process, equal protection, and a reliable sentence were violated when he was represented by the public defender's office. The Sixth Amendment guarantee of effective assistance of counsel includes the right to counsel's undivided loyalty. *Wood v. Georgia*, 450 U.S. 261, 271-72 (1981); *United States v. Baker*, 256 F.3d 855, 859-60 (9th Cir. 2001) (citing *United States v. Mett*, 65 F.3d 1531, 1534 (9th Cir. 1995)). An ineffective assistance of counsel claim based on conflict of interest with a criminal defendant exists only where "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).

1    Petitioner contends that the public defender's office represented the petitioner at the
2    same time that they represented another person who was used as an informant in petitioner's case.
3    The record reveals that the informant was represented by the public defender's office in early 1994.
4    (Ex. 95). The informant entered into a guilty pleas and judgment was entered in March 1994. (Ex.
5    95). On March 23, 1994, the informant was sentenced to an indeterminate term of probation not to
6    exceed three years. (Judgment, Ex. 95). The criminal information was not filed against petitioner
7    until June 24, 1994. Petitioner pled guilty on May 17, 1995. Thus, petitioner's contention that the
8    two were represented by the public defender's office at the same time is belied by the record and
9    does not amount to a potential non-frivolous appellate claim.

10   Second, petitioner claims that his trial counsel was ineffective because counsel was
11   working under an actual conflict of interest. Claims of ineffective assistance of counsel may not be
12   raised on direct appeal in Nevada. *Pellegrini v. Nevada*, 117 Nev. 860 (2001). Petitioner would not
13   have been able to raise this issue on direct appeal and therefore it does not constitute a non-frivolous
14   appellate ground.

15   Third, petitioner asserts that the trial court's failure to grant him substitute counsel of
16   his choice and failure to inquire into the alleged conflict between petitioner and the public defender's
17   office violated his right to the effective assistance of counsel. In his amended petition, petitioner
18   states that he had a conflict with the public defender's office, because they did not show up to
19   represent him in another pending case, and the public defender advised petitioner to waive his
20   preliminary hearing despite the fact that petitioner provided the public defender with a letter from
21   private counsel requesting a motion to dismiss be made at the preliminary hearing. Despite
22   petitioner's contentions, his allegations do not amount to a non-frivolous appellate claim of conflict
23   of interest.

24   Fourth, petitioner argues that his arrest and conviction violated his due process rights
25   because the State violated the terms of its substantial assistance agreement. The record indicates that
26

the substantial assistance agreement did not provide the petitioner with permission to possess narcotics. Possession of a narcotic was allowed only in a "controlled transaction." (Ex. 11). Petitioner has failed to demonstrate that this is a non-frivolous appellate ground.

Fifth, petitioner claims that the trial court erred in accepting petitioner's guilty plea without an affirmative showing that it was entered knowingly, intelligently, and voluntarily. Challenges to the validity of a guilty plea may not be raised on direct appeal in Nevada, they must first be raised in the context of a post-conviction petition for writ of habeas corpus. *See Mitchell v. State*, 109 Nev. 137, 138 (1993). Petitioner would not have been able to raise this issue on direct appeal and therefore it does not constitute a non-frivolous appellate claim.

Sixth, petitioner asserts that the State pursued two separate actions arising out of the same arrest, thereby violating the Double Jeopardy Clause of the Fifth Amendment. Petitioner claims that the Nevada Department of Taxation's April 25, 1994, letter which imposed a tax debt and fine of just under two million dollars on the petitioner is a punishment, and that the State's subsequent criminal prosecution is a second punishment for the same crime. Although the Nevada Department of Taxation assessed petitioner with a drug tax, petitioner makes no allegation that he paid the tax. The record reveals no payment of the tax, nor does it indicate a judgment or other enforcement procedure by the State. Since petitioner did not pay the drug tax, and the State did not seek enforcement of the tax, petitioner has not been punished within the meaning of the Double Jeopardy Clause. *U.S. v. Sanchez-Escareno*, 950 F.2d 193 (5th Cir. 1991). Thus, this does not constitute a non-frivolous appellate claim.

Seventh, petitioner claims that the statute under which he was sentenced was subsequently amended to provide for a lesser penalty for those later convicted under the same statute. Petitioner claims that the statute's provision limiting its application to offenses occurring before its date of implementation is unconstitutional. Petitioner articulates no legal basis for this assertion, and it does not constitute a non-frivolous ground for appeal.

1        The Court has examined the other relevant factors in this case. Petitioner, through his
2   trial counsel, negotiated a plea bargain for the disposition of the criminal charges. (Ex. 49).
3   Pursuant to the plea bargain, petitioner plead guilty to one count of possession of a trafficking
4   quantity of a controlled substance. (Ex. 48). Petitioner benefitted from the plea bargain in that he
5   plead guilty to a second level trafficking, as opposed to the third level trafficking with which he was
6   originally charged. (Ex. 49, at p. 3). The State dismissed another pending third level drug
7   trafficking case and a possession charge against petitioner. (Ex. 49, at p. 3). Petitioner stipulated to
8   a 45-year sentence. (Ex. 49, at p. 3).
9        At sentencing, the trial judge gave petition the opportunity to make a statement as to
10  why the sentence should not be imposed. Petitioner declined to make a statement. (Ex. 50, at p. 5).
11  The trial judgment noted that the parties stipulated to a 45-year sentence, which was also the
12  sentence recommended in the pre-sentence report). (Ex. 50, at p. 5). The judge recounted the
13  physical evidence against the petitioner and state that "[t]his demonstrates beyond doubt the
14  defendant is a drug dealer and has been involved in narcotics transactions for a substantial period of
15  time. (Ex. 50, at pp. 5-6).
16       Following sentencing, the State dismissed the pending third level trafficking charge
17  and the simple possession charge, as agreed to in the plea agreement. (Ex. 55). Petitioner received
18  the benefits he negotiated for in the plea bargain process.
19       A review of the record reveals that petitioner did not file a notice of appeal, or any
20  other document indicating that he wished to appeal his conviction. Petitioner makes no allegation
21  that he ever made any indication to his counsel that he wished to appeal.
22       The totality of circumstances show that petitioner has failed to demonstrate that his
23  counsel should have known that he would have wanted to appeal. Counsel would not reasonably
24  expect that a rational defendant would want an appeal, and his performance in failing to consult with
25  the defendant about the appeal did not "fall below an objective standard of reasonableness." *Roe v.*
26

*Flores-Ortega*, 528 U.S. at 480-481.  Nor has petitioner shown prejudice from counsel's deficient performance.  *Id*.  Petitioner is not entitled to habeas relief and the petition will be denied.

**III.     Conclusion**

   **IT IS THEREFORE ORDERED** that petitioner's motion for decision (Docket #71) is **GRANTED**;

   **IT IS FURTHER ORDERED** that petitioner's amended petition for a writ of habeas corpus (Docket #14) is **DENIED**;

   **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 14th day of February, 2008.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

9